| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------=--x | Presentment Date and Time:<br>May 16, 2025, at 12:00 noon<br>Objection Deadline: May 13, 2025 |
| In re:                                    : | Case No. 20-10541 |
|     Julio C. Rodriguez                  : | Chapter 7 |
|             Debtor,                  : | |
| ...........................................................x | |

## NOTICE OF PRESENTMENT OF ORDER TO REOPEN CASE AND OPPORTUNITY FOR HEARING

**PLEASE TAKE NOTICE,** that upon the annexed Motion of the Debtor, Julio C. Rodriguez, William P. Bonomo, Esq., will present the attached proposed order to the Honorable Martin Glenn, United States Bankruptcy Judge, for signature on May 16, 2025, at 12:00 noon.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed order, with proof of service, is filed with the Clerk of the Court. A courtesy copy is delivered to the Bankruptcy Judge's chambers at least three days before the presentation date, there may not be a hearing, and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE,** that if a written objection is filed in a timely manner, the Court will notify the moving and objecting parties of the date and time of the hearing and of the moving party's obligation to notify all other parties entitled to receive notice. The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in the relief being granted or denied upon default.

**PLEASE TAKE FURTHER NOTICE** that the ECF docket number to which the filing relates shall be included in the upper right-hand corner of the caption of all objections.

Dated: May 5, 2025
       New York, NY

Respectfully submitted,

**LAW OFFICE OF WILLIAM P. BONOMO**
Attorney for the Debtor

By: /s/ William P. Bonomo
William P. Bonomo, Esq.
160 H. Dinsmore Street
Staten Island, NY 10314
(201) 867-8124
Fax: 718-698-0194
Email: nyattybill@aol.com

TO:

| | |
|---|---|
| YANN GERON, TRUSTEE<br>GERON LEGAL ADVISORS LLC<br>370 LEXINGTON AVENUE<br>SUITE 1208<br>NEW YORK, NY 10017 | UNITED STATES ATTORNEY<br>SOUTHERN DISTRICT OF NEW YORK,<br>ATTENTION: TAX & BANKRUPTCY UNIT,<br>86 CHAMBERS STREET<br>THIRD FLOOR<br>NEW YORK, NY 10007-1825 |
| UNITED STATES TRUSTEE<br>OFFICE OF THE UNITED STATES TRUSTEE - NY<br>ALEXANDER HAMILTON CUSTOM HOUSE<br>ONE BOWLING GREEN, ROOM 534<br>NEW YORK, NY 10004-1408 | N.Y. STATE UNEMPLOYMENT INSURANCE FUND<br>P.O. BOX 551<br>ALBANY, NY 12201-0551 |
| | NEW YORK STATE TAX COMMISSION,<br>BANKRUPTCY/SPECIAL PROCEDURES SECTION<br>P.O. BOX 5300<br>ALBANY, NY 12205-0300 |

**By depositing into a U.S. Postal Service mailbox in an envelope with post-paid first-class mail addressed to the following:**

| | |
|---|---|
| ARNOLD & ITKIN LLP<br>6009 MEMORIAL DRIVE,<br>HOUSTON, TX 77007 | CREDENCE RESOURCE MANAGEMENT<br>P.O. BOX 2300<br>SOUTHGATE, MI 48195 |
| AMERICAN EXPRESS CO.<br>P.O. BOX 981540<br>ATTN: CORRESPONDENCE DEPT.<br>EL PASO, TX 79998 | CREDENCE RESOURCE MGMT., LLC<br>17000 DALLAS PARKWAY<br>STE. 204<br>DALLAS, TX 75248 |
| BARCLAYS BANK DELAWARE<br>100 S. WEST STREET<br>WILMINGTON, DE 19801 | DISCOVER FINANCIAL SERVICES, LLC<br>P.O. BOX 15298<br>WILMINGTON, DE 19850 |
| BEST BUY CO. / HSBC BANK, N. A.<br>66 HUDSON BOULEVARD EAST<br>NEW YORK, NY 10001 | DISCOVER FINANCIAL SERVICES, LLC<br>P.O. BOX 3025<br>NEW ALBANY, OH 43054 |
| BRONX COUNTY CIVIL COURT<br>851 GRAND CONCOURS B<br>BRONX, NY 10451 | GC SERVICES LIMITED PARTNERSHIP<br>6330 GULFTON STREET<br>HOUSTON, TX 77081 |
| CABELLAS<br>2500 E. KEARNEY STREET<br>SPRINGFIELD, MO 65898 | GE MONEY BANK<br>P.O. BOX 103104<br>ROSWELL, GA 30076 |
| CHASE BANK USA, N.A.<br>P.O. BOX 15298<br>WILMINGTON, DE 19850 | HSBC BANK USA NEVADA, N. A.<br>P.O. BOX 10327<br>JACKSON, MS 39289 |
| CONVERGENT OUTSOURCING, INC.<br>P.O. BOX 9004<br>RENTON, WA 98057 | MACY'S / DEPT. STORES, N. B.<br>9111 DUKE BLVD.<br>MASON, OH 45040 |

OPTIMUM CABLEVISION
111 STEWART AVE.
BETHPAGE, NY 11714

PAUL MICHAEL MARKETING
15916 UNION TURNPIKE, STE.302
ATTN: BANKRUPTCY DEPT.
FRESH MEADOWS, NY 11366

PHUONG TRAN
944 GERARD AVE.
BRONX, NY 10452

SCA / TOURNEAU
663 5TH AVENUE
 7TH FLOOR
NEW YORK, NY 10022

THE HOME DEPOT / CITI BANK, N. A.
P.O. BOX 6497
SIOUX FALLS, SD 57117

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　Julio C. Rodriguez,<br><br>　　　　　　　　　Debtor, | Case No. 20-10541<br><br>(closed case)<br><br>Chapter 7 |

**ATTORNEY'S AFFIRMATION IN SUPPORT OF THE MOTION FOR AN ORDER REOPENING THE DEBTOR'S CHAPTER 7 CASE PURSUANT TO 11 U.S.C. § 350 (b) OF THE BANKRUPTCY CODE TO SCHEDULE AN UNDISCLOSED PREPETITION CLAIM FOR PERSONAL INJURIES AND LEAVE TO CLAIM THE APPLICABLE BANKRUPTCY EXEMPTIONS**

William P. Bonomo, Esq., an attorney at law, admitted to practice before the Courts of the State of New York and the Southern District of New York, being mindful of the penalties of perjury, fully affirms as follows:

1. I am the attorney for the Debtor, Julio C. Rodriguez ("Debtor"), and as such, I am familiar with the facts and circumstances of this matter.

2. I submit this affirmation in support of the instant motion for an order granting Debtor leave to reopen the within bankruptcy case pursuant to 11 U.S.C. §350(b) and Bankruptcy Rule 5010 to amend his Schedule A/B to include a prepetition products liability cause of action, which was not known to the Debtor at the time of filing and therefore not disclosed in the debtor's bankruptcy schedules and granting the Debtor leave to amend his Schedule C to claim the applicable bankruptcy exemptions.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334(b). Venue is proper pursuant to 28 U.S.C. § 1409(a).

4. This is a core proceeding pursuant to Bankruptcy Code §§506(a) and 1322(b)(2) and Bankruptcy Rules 3007 and 3012.

5.  A bankruptcy case may be reopened pursuant to 11 U.S.C. § 350(b) "to administer assets to accord relief to the debtor, or for other cause."

## BACKGROUND

6.  Debtor commenced his bankruptcy case by filing a voluntary Chapter 7 bankruptcy petition and schedules on February 21, 2020 (the "Bankruptcy Filing"), and Yann Geron (the "Trustee") was appointed as the Chapter 7 interim trustee.

7.  According to the Debtor and as stated in his Affidavit in Support of the Motion (Affidavit), at the time of the filing, the Debtor was unaware of and therefore did not list in his Schedule A/B a potential product liability claim stemming from having been treated with Risperdal®. (Risperdal) a drug administered to him during his childhood, and Invega Sustenna® (paliperidone palmitate), hereinafter referred to as (Sustenna), a drug which the debtor claims was administered to him during 2020.

8.  At the 341 Hearing, which was held on April 30, 2020, the Trustee asked the debtor whether he was a party to any pending lawsuits. According to the debtor, he had no idea that he had a potential cause of action for a product liability claim and truthfully answered the trustee's question in the negative.

9.  On May 1, 2020, the Trustee filed a No Distribution Report; on June 1, 2020, the Debtor received a discharge, and his case was closed on June 1, 2020.

10. Subsequent to his bankruptcy filing the Debtor was diagnosed with gynecomastia (female breast growth in males) and on November 10, 2020, retained the Arnold & Itkin Law Firm (IA) to explore the possibility of pursuing a products liability claim for injuries which he claimed he suffered since the age of 16 when he was first treated with Risperdal. See retainer agreement annexed hereto as "Exhibit A".

11. Soon after retaining IA, the debtor was informed that, without his medical records, they could not find evidence that Risperdal had injured him. See a reproduction of an email sent to the Debtor annexed as "Exhibit B."

12. On or about April 13, 2022, more than two years after his bankruptcy case was closed, the Debtor obtained his medical records. After carefully reviewing his records, he relates that he discovered that during 2020, one of his medical providers had administered the drug Sustenna. He researched Sustenna and found that it also had the same side effects as Risperdal, leading him to believe that it may have contributed to his gynecomastia.

13. According to the Debtor, he again contacted IA, and provided them with his medical records and discussed his findings on Sustenna, a second drug that was administered to him during 2020.

14. By a letter dated July 11, 2024, a copy of which is attached herein as ("Exhibit c"), AI informed the Debtor that a settlement had been reached and outlined the terms of the settlement in the multi-party products liability claim against Janssen Pharmaceuticals, Inc., Janssen Research and Development, LLC, and Johnson & Johnson, Co. (collectively "Janssen"). The gross settlement offer for the Debtor's claim, as part of <u>group eight</u> in the products liability action against the defendants, was $87,475.50, excluding attorney's fees, costs, administrative fees, common benefit or group expenses, and healthcare liens.

15. Unaware that the settlement proceeds could be considered part of the bankruptcy estate of his prior bankruptcy filing, the Debtor accepted the settlement offer.

16. Based on the information provided by the Debtor and as stated in his Affidavit, it is clear that the Debtor was unaware that he had a viable products liability cause of action and that he at all times he acted in good faith and without malice when he omitted the potential cause

of action in his bankruptcy Schedule A/B and had that he had no intention of misleading, deceiving or concealing it from the Trustee.

17. Reopening this case would allow the Chapter 7 Trustee to pay a dividend to the creditors and potentially pursue claims against other third parties.

18. No previous request for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests the entry of an Order:

(1) Re-opening the debtor's case.

(2) Re-appointing Yann Geron as the Chapter 7 trustee to administer the assets of the estate.

(3) Granting the Debtor leave to amend his bankruptcy Schedule A/B to include his products liability claims and to claim the bankruptcy exemptions that may apply.

(4) Granting such other relief as the Court deems proper.

Dated: May 5, 2025　　　　　　　　　　Respectfully submitted,
　　　　New York, NY

　　　　　　　　　　　　　　　　　　**LAW OFFICE OF WILLIAM P. BONOMO**
　　　　　　　　　　　　　　　　　　Attorney for the Debtor

　　　　　　　　　　　　　　　　　　By: /s/ William P. Bonomo
　　　　　　　　　　　　　　　　　　William P. Bonomo, Esq.
　　　　　　　　　　　　　　　　　　160 H. Dinsmore Street
　　　　　　　　　　　　　　　　　　Staten Island, NY 10314
　　　　　　　　　　　　　　　　　　(201) 867-8124
　　　　　　　　　　　　　　　　　　Fax: 718-698-0194
　　　　　　　　　　　　　　　　　　Email: nyattybill@aol.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>　　Julio C. Rodriguez,<br><br>　　　　　　　　　　Debtor, | Case No. 20-10541<br><br>(closed case)<br><br>Chapter 7 |

The undersigned certifies that on May 2, 2025, he caused a true and correct copy of the following documents to be served upon the parties listed below.

- Debtor's Notice of Presentment
- Proposed order
- Motion to Reopen Debtor's Chapter 7 Case
- Debtor's Affidavit in Support of the Motion
- Exhibits A, B and C.

**Via the Court's CM/ECF System on all registered ECF users as follows:**

YANN GERON, TRUSTEE
GERON LEGAL ADVISORS LLC
370 LEXINGTON AVENUE
SUITE 1208
NEW YORK, NY 10017

UNITED STATES TRUSTEE
OFFICE OF THE UNITED STATES TRUSTEE - NY
ALEXANDER HAMILTON CUSTOM HOUSE
ONE BOWLING GREEN, ROOM 534
NEW YORK, NY 10004-1408

UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF NEW YORK,
ATTENTION: TAX & BANKRUPTCY UNIT,
86 CHAMBERS STREET
THIRD FLOOR
NEW YORK, NY 10007-1825

N.Y. STATE UNEMPLOYMENT INSURANCE FUND
P.O. BOX 551
ALBANY, NY 12201-0551

NEW YORK STATE TAX COMMISSION,
BANKRUPTCY/SPECIAL PROCEDURES SECTION
P.O. BOX 5300
ALBANY, NY 12205-0300

**By depositing into a U.S. Postal Service mailbox in an envelope with post-paid first-class mail addressed to the following:**

ARNOLD & ITKIN LLP
6009 MEMORIAL DRIVE,
HOUSTON, TX 77007

AMERICAN EXPRESS CO.
P.O. BOX 981540
ATTN: CORRESPONDENCE DEPT.
EL PASO, TX 79998

BARCLAYS BANK DELAWARE
100 S. WEST STREET
WILMINGTON, DE 19801

BEST BUY CO. / HSBC BANK, N. A.
66 HUDSON BOULEVARD EAST
NEW YORK, NY 10001

BRONX COUNTY CIVIL COURT
851 GRAND CONCOURS B
BRONX, NY 10451

CABELLAS
2500 E. KEARNEY STREET
SPRINGFIELD, MO 65898

CHASE BANK USA, N.A.
P.O. BOX 15298
WILMINGTON, DE 19850

CONVERGENT OUTSOURCING, INC.
P.O. BOX 9004
RENTON, WA 98057

CREDENCE RESOURCE MANAGEMENT
P.O. BOX 2300
SOUTHGATE, MI 48195

CREDENCE RESOURCE MGMT., LLC
17000 DALLAS PARKWAY
STE. 204
DALLAS, TX 75248

DISCOVER FINANCIAL SERVICES, LLC
P.O. BOX 15298
WILMINGTON, DE 19850

DISCOVER FINANCIAL SERVICES, LLC
P.O. BOX 3025
NEW ALBANY, OH 43054

GC SERVICES LIMITED PARTNERSHIP
6330 GULFTON STREET
HOUSTON, TX 77081

GE MONEY BANK
P.O. BOX 103104
ROSWELL, GA 30076

HSBC BANK USA NEVADA, N. A.
P.O. BOX 10327
JACKSON, MS 39289

MACY'S / DEPT. STORES, N. B.
9111 DUKE BLVD.
MASON, OH 45040

OPTIMUM CABLEVISION
111 STEWART AVE.
BETHPAGE, NY 11714

PAUL MICHAEL MARKETING
15916 UNION TURNPIKE, STE.302
ATTN: BANKRUPTCY DEPT.
FRESH MEADOWS, NY 11366

PHUONG TRAN
944 GERARD AVE.
BRONX, NY 10452

SCA / TOURNEAU
663 5TH AVENUE
7TH FLOOR
NEW YORK, NY 10022

THE HOME DEPOT / CITI BANK, N. A.
P.O. BOX 6497
SIOUX FALLS, SD 57117

I certify that the foregoing statements are true. I certify that if any of the foregoing statements are willfully false, I will be subject to punishment.

Dated: May 5, 2025                                        /s/ Louis Diaz
    New York, NY                                          Louis Diaz

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    Julio C. Rodriguez,<br><br>                            Debtor, | Chapter 7<br><br>Case No. 20-10541(MG)<br><br>(closed case) |

# ORDER REOPENING CHAPTER 7 CASE

Upon the Motion, dated May 2, 2025 (the "Motion") of the debtor herein (the "Debtor") for an order reopening this chapter 7 case pursuant to 11 U.S.C. § 350(b) permitting the debtor to file an amendment to his Schedule A/B, to reflect his products liability claim and also to amend his Schedule C to claim the bankruptcy exemptions which may apply; and, after due and sufficient notice of the Motion; and, after due deliberation, the Court having determined that the Debtor has established sufficient cause for the relief granted herein, it is hereby **ORDERED** that:

1. The motion is granted as provided herein.

2. The above captioned Chapter 7 case is reopened pursuant to 11 U.S.C. §350(b) permitting the debtor to file an amendment to his Schedule A/B to reflect his products liability claim and to amend his Schedule C to claim the bankruptcy exemptions that may apply

3. The United States Trustee is directed to appoint a Chapter 7 Trustee.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>    Julio C. Rodriguez,<br><br>                        Debtor, | Chapter 7<br><br>Case No. 20-10541(MG)<br><br>(closed case) |

STATE OF NEW YORK)

COUNTY OF BRONX)

**DEBTOR'S AFFIDAVIT IN SUPPORT OF**
**MOTION TO REOPEN CASE**

I, Julio C. Rodriguez, being duly sworn, declare under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am the debtor in this case, and I'm submitting this affidavit in support of my motion to reopen my Chapter 7 bankruptcy so I can amend Schedules A/B and C to include a product liability claim I didn't know about at the time I filed, and to claim any applicable exemptions.

2. I filed for bankruptcy on February 21, 2020. When I filled out the paperwork, I was honest and provided all the information I knew at the time.

3. I didn't include any product liability claim in my bankruptcy schedules because I had no idea I even had a potential case. I hadn't spoken to any lawyers or considered any legal options before I filed my bankruptcy case.

4. As a child, I was prescribed a drug called Risperdal. Around the age of 16, soon afterwards, I developed a condition called gynecomastia, which causes abnormal breast growth in males.

5. After a while, the condition improved and seemed to diminish, and I moved on with my life.

6. During my 341 Meeting of Creditors on April 30, 2020, the trustee asked me if I was involved in any lawsuits. I truthfully said no—I wasn't, and I had no reason to believe I had any claims to pursue.

7. At some point during 2020, I was also given another medication called Invega Sustenna (also known as Sustenna). Not long after, I was again diagnosed with gynecomastia and all my symptoms that had cleared during my adolescence reappeared.

8. On November 10, 2020, I hired the law firm Arnold & Itkin LLP to help me figure out if Risperdal might have caused the condition I dealt with as a teenager and more recently as an adult.

9. The law firm told me they couldn't move forward without seeing my medical records. Unfortunately, I didn't have those records at the time, and I couldn't pursue the matter further right away.

10. I finally got access to my medical records on or around April 13, 2022. While reviewing them, I discovered that I had been treated with Sustenna during 2020.

11. I started looking into Sustenna and found that it had similar side effects to Risperdal—including the potential to cause gynecomastia. That's when I realized the condition might have come back because of that drug.

12. I went back to Arnold & Itkin, gave them my medical records, and explained what I had learned about Sustenna.

13. On July 11, 2024, Arnold & Itkin sent me a letter saying a settlement had been reached in my product liability case. A copy of that letter is attached as Exhibit A.

14. I had no idea that this settlement could have anything to do with my old bankruptcy. I accepted it in good faith, not realizing it might affect my prior case or the bankruptcy estate.

15. I want to be very clear—I never intended to hide anything from the Court, the Trustee, or my creditors. At the time I filed, I simply didn't know I had any claim, and I never meant to leave anything out.

16. I'm submitting this affidavit to share the full story and timeline as honestly and clearly as I can. I've done my best to handle everything in good faith.

17. I respectfully ask the Court to grant my motion so I can update my bankruptcy filings and handle this matter the right way.

_____
Julio C. Rodriguez

Sworn to before me
this 3rd day of MAY, 2025

_____
Notary Public

CHENG LEE
Notary Public, State of New York
No. 01LE6135155
Qualified in Bronx County
Commission Expires Oct. 17, 20__

5/3/2025